UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GRAINMARKET, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-2419-X |
| | § | |
| PNC BANK, N.A., et al., | § | |
| | § | |
| *Defendants.* | § | |

## **MEMORANDUM OPINION AND ORDER**

Grainmarket, LLC ("Grainmarket") fell prey to a hacker who wired thousands of dollars out of Grainmarket's bank account. Seeking to recover that money, Grainmarket sued the two banks involved in that transaction—PNC Bank, N.A. ("PNC") and Bank of America, N.A. ("BofA") (collectively, "the banks"). The banks now move to dismiss. [Docs. 13, 15]. For the reasons below, the Court **GRANTS** those motions and **DISMISSES WITH PREJUDICE** Grainmarket's common-law claims—for negligence and breach of contract—against both banks and its Electronic Fund Transfers Act ("EFTA") claim against BofA. The Court **DISMISSES WITHOUT PREJUDICE** Grainmarket's Article-4A claim against PNC.

### I. Factual Background

Grainmarket imports and sells groceries in the greater Dallas area. Grainmarket has a business bank account at PNC, which routinely receives large wire transfers, and two Grainmarket employees are administrators of that account. On April 13, 2022, a hacker hijacked Grainmarket's PNC account and wired $172,000

1

to the hacker's BofA account on the west coast. PNC promptly froze Grainmarket's account and asked BofA to put a hold on the funds. BofA didn't put that hold on those funds, and the hacker wired the money out of his account.

Originally, Grainmarket sued PNC and BofA in Texas state court. The banks removed to this Court and now move to dismiss. Grainmarket never responded to either motion.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court evaluates the pleadings by "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff."[1] To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[2] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[3]

## III. Analysis

The Court analyzes Grainmarket's common-law and statutory claims in turn.[4]

---

[1] *See Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007) (per curiam).

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

[3] *Id.*

[4] BofA also moves to dismiss for lack of personal jurisdiction. "[I]n cases with (1) multiple defendants, (2) indisputable personal jurisdiction over at least one defendant, and (3) a collective challenge by all defendants to the legal merits of a claim, a court may address the legal merits first and, if it dismisses the claim, decline to address personal jurisdiction." *Shields of Strength v. U.S. Dep't of Def.*, No. 6:21-CV-00484, 2023 WL 3293279, at *8 (E.D. Tex. May 5, 2023). Because the Court dismisses with prejudice all claims against BofA, the Court declines to decide the personal-jurisdiction issue.

**A. Common-Law Claims**

Grainmarket's common-law claims are preempted. In Texas Business and Commerce Code § 4A, the Texas Legislature adopted the Uniform Commercial Code ("UCC"). "The provisions of [Article] 4A are intended to exclusively determine 'the rights, duties, and liabilities of the affected parties *in any situation covered by particular provisions of the Article.*'"[5] Conversely, "where the circumstances differ from the situations outlined in [Article] 4A, [Article] 4A is not the exclusive means by which a plaintiff can seek to redress an alleged harm arising from a funds transfer."[6]

So the issue here is whether Article 4A governs the situation described in the complaint. It does. Here, Grainmarket accuses PNC of flouting the parties' "agreed security procedure" by which PNC was supposed to "verify that a payment order or communication is actually between the bank and its customer."[7] But Article 4A governs situations in which "a bank and its customer have agreed that the authenticity of payment orders . . . will be verified pursuant to a security procedure."[8] Likewise, Grainmarket complains that BofA allowed the fraudster to withdraw the money instead of "properly honor[ing] both Plaintiff's and PNC's stop payment request."[9] But Article 4A also governs whether a bank is "obliged to pay the amount

---

[5] *Consorcio Indus. de Construccion Titanes, S.A. de C.V. v. Wells Fargo Bank, N.A.*, No. 3:10-CV-2111-K, 2012 WL 13019678, at *2 (N.D. Tex. July 12, 2012) (Kinkeade, J.) (quoting TEX. BUS. & COM. CODE § 4A-102 cmt.).

[6] *Id.* (cleaned up).

[7] Doc. 10 at 4.

[8] TEX. BUS. & COM. CODE § 4A.202(b).

[9] Doc. 10 at 4.

of [a payment] order to the beneficiary of the order."[10]  Accordingly, the UCC governs the subject matter of this suit, and it preempts those common-law claims.

Because Grainmarket's common-law claims are preempted, any amendment would be futile.  Accordingly, the Court **DISMISSES WITH PREJUDICE** Grainmarket's common-law claims against PNC and BofA.

### B. Statutory Claims

Grainmarket brings an EFTA claim against BofA.  EFTA only applies to "consumer[s]," who it defines as "natural person[s]," and to "account[s]," which it defines as accounts "established primarily for personal, family, or household purposes."[11]  This case involves a bank account established for business purposes—not personal purposes.  So Grainmarket's EFTA claim fails.

Grainmarket also brings an Article-4A claim against PNC.  But, in support of that claim, Grainmarket states only that "PNC Bank is liable for violations of Article 4A of the Uniform Commercial Code"—sans further explanation.[12]  That statement is entirely conclusory, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[13]  Without citing to a specific provision of Article 4A or explaining its theory of how PNC violated

---

[10] TEX. BUS. & COM. CODE § 4A.404(a).

[11] *See* 15 U.S.C. § 1693a(2), a(6).

[12] Doc. 10 at 5.

[13] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (cleaned up).

it, Grainmarket's allegations aren't sufficient to put PNC on notice of the grounds for Grainmarket's claim against it.

Because Grainmarket's EFTA claim fails under the statutory definitions, it cannot succeed as a matter of law, and amendment would be futile. Thus, the Court **DISMISSES WITH PREJUDICE** that claim. Because Grainmarket's Article-4A claim merely fails to provide PNC with notice, the Court **DISMISSES WITHOUT PREJUDICE** that claim.

### IV. Conclusion

For the foregoing reasons, the Court **DISMISSES WITH PREJUDICE** Grainmarket's common-law claims against PNC and BofA and its EFTA claim against BofA. The Court **DISMISSES WITHOUT PREJUDICE** Grainmarket's Article-4A claim against PNC. Grainmarket may file an amended complaint within 28 days, providing factual allegations that make its Article-4A claim plausible.

**IT IS SO ORDERED** this 23rd day of June, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE