UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GRAINMARKET, LLC, | § § § § § § § § § § | |
| *Plaintiff*, | | |
| v. | | Civil Action No. 3:22-CV-2419-X |
| PNC BANK, N.A., et al., | | |
| *Defendants*. | | |

## **MEMORANDUM OPINION AND ORDER**

Grainmarket, LLC ("Grainmarket") fell prey to a hacker who wired thousands of dollars out of Grainmarket's bank account. Seeking to recover that money, Grainmarket sued the two banks involved in that transaction—PNC Bank, N.A. ("PNC") and Bank of America, N.A. The Court previously dismissed with prejudice the claims for negligence, breach of contract, and violation of the Electronic Fund Transfers Act. (Doc. 22 at 1, 4). But the Court allowed Grainmarket to replead its Article-4A claim against PNC because its statement was conclusory instead of plausible. (Doc. 22 at 4).

Grainmarket's amended complaint included the claims the Court dismissed with prejudice. When a Court dismisses a claim, a party has preserved error and need not (and should not) revive dead claims in a new complaint. Zombies aren't great. We don't need them clogging our dockets.

As to the Article-4A claim, the new complaint, while not a model of draftsmanship, claims that that PNC Bank allowed Grainmarket's admin access to

1

be deleted without prior authorization from Grainmarket and allowed a hacker to change the username and password without double verification. PNC complains that (1) Grainmarket fails to identify the specific portion of Article-4A that was allegedly violated, and (2) because the hacker used Grainmarket's credentials, there can be no allegation of a specific security procedure that wasn't followed. Neither argument holds water. First, PNC's only authority for requiring the plaintiff to pinpoint the specific statute allegedly breached actually states that "failure to cite a specific portion of UCC Article 4A in her complaint is not grounds for dismissal with prejudice at this juncture."[1] But dismissal with prejudice is exactly what PNC wants. Second, Grainmarket argued that PNC allowed the changing of its admin credentials without double verification. That seems pretty specific and is fine for surviving a motion to dismiss.

Accordingly, the Court **GRANTS IN PART PNC**'s motion and **STRIKES** Grainmarket's common-law claims against PNC and BofA and its Electronic Fund Transfers Act claim against Bank of America. The Court **DENIES** PNC's motion to dismiss the Article-4A claim against PNC.

**IT IS SO ORDERED** this 4th day of December, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[1] *Huang v. Hong Kong & Shanghai Banking Corp. LTD*, No. 1:20-CV-03548-LTS-SN, 2022 WL 4123879, at *6 (S.D.N.Y. Sept. 9, 2022).

2